Filed 6/6/23  P. v. Rice CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096000 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 20CF05483, 21CF03525) |
| v. | |
| JASON TALBOT RICE, | |
| Defendant and Appellant. | |

Defendant Jason Talbot Rice pleaded guilty to injuring a cohabitant and, after failing to appear for sentencing, he was charged in a second case with, and pleaded guilty to, failing to appear.  At sentencing for both cases on March 24, 2022, the trial court imposed the upper term for the injuring a cohabitant conviction because it found the aggravating circumstances outweighed any mitigating circumstances.  On appeal, defendant contends the trial court imposed the upper term in violation of Penal Code section 1170 (statutory section citations that follow are found in the Penal Code unless

1

otherwise stated), which, at the time of sentencing, had been modified by Senate Bill No. 567 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 731, § 1) (Senate Bill 567). Defendant contends he suffered ineffective assistance of counsel if we find this issue forfeited. We find defendant did forfeit this issue and conclude he did not establish his ineffective assistance of counsel claim.

## FACTS AND HISTORY OF THE PROCEEDINGS

Defendant was charged with injuring a cohabitant (§ 273.5, subd. (a)) and false imprisonment by violence (§ 236). He pleaded guilty to injuring a cohabitant with a maximum sentence of four years in exchange for dismissal of the other count.

Defendant stipulated to the probation report for the factual basis of the plea. The probation report, relying on a police report, stated defendant shoved the victim into a bathroom closest, slapped her in the face multiple times "really hard," stopped her from leaving their home, and when the victim broke free, he grabbed her arm and threw her to the ground. Officers saw the victim rub her jaw, had red marks on her chest, and scratches on her neck. A witness also told police they heard defendant threaten to kill the victim. Defendant told police he " 'thought it was legal' " to hit the victim "with an open hand 'when she deserved it.' "

Defendant failed to appear for his June 24, 2021, sentencing hearing and was charged in a second case with failing to appear on his own recognizance (§ 1320, subd. (b)), with the enhancement he was on bail (§ 12022.1). Defendant pleaded guilty to failing to appear and the enhancement was dismissed. He again stipulated to the probation report as the factual basis for the plea.

The supplemental probation report prepared for the second sentencing hearing covering both cases provided defendant's criminal history and detailed the "official sources believed to be accurate and sufficient to provide the Court a certified record of conviction for use at sentencing." This history included misdemeanor convictions in

2

2007 and 2008 (§ 602, subd. (m); Health & Saf. Code, § 11366.5, subd. (a)), then two felony convictions in Virginia for "Unlawful Wounding" in 2010 and 2011. Defendant had three total probation violations in his Virginia cases. The probation officer recommended the upper term, in part, because "the aggravating factors before the Court include those relating to the defendant's record of conviction, which the Court may consider under § 1170(b)(3) PC."

At the sentencing hearing on March 24, 2022, the trial court found no circumstances in mitigation but found four aggravating circumstances: (1) "the crime involved threatened great bodily harm, evidenced by the defendant[] threatening to kill victim," (2) the "defendant's convictions are increasing in seriousness," (3) the "defendant has served a prior prison term," and (4) defendant's "prior performance on probation was unsuccessful." Consequently, the trial court found "on balance that the circumstances [in] aggravation outweigh the circumstances in mitigation" and imposed the upper term of four years on the injury to a cohabitant conviction. The court sentenced defendant to a consecutive eight months (one-third midterm) for the failure to appear conviction.

## DISCUSSION

Defendant argues the trial court violated recently amended section 1170 because it did not rely on aggravating factors found beyond a reasonable doubt, nor stipulated to by defendant. Defendant contends he could not forfeit this argument because the trial court imposed an unauthorized sentence. In supplemental briefing, defendant alleges he suffered ineffective assistance of counsel if we find he forfeited his claims.

Senate Bill 567 became effective January 1, 2022. (Stats. 2021, ch. 731; Cal. Const., art. IV, § 8, subd. (c).) The act generally prohibits a trial court from imposing an upper term sentence except where there are circumstances in aggravation of the crime that justify imposing the upper term, and the facts underlying those circumstances (1)

3

have been stipulated to by the defendant, or (2) have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. (§ 1170, subd. (b)(1), (2), added by Stats. 2021, ch. 731, § 1.3.) An exception to this rule authorizes the court to consider defendant's prior convictions in determining sentencing based on certified records of conviction without submitting the prior convictions to the jury. (§ 1170, subd. (b)(3), added by Stats. 2021, ch. 731, § 1.3.)

Defendant concedes he failed to object to the imposition of his sentence. This forfeits his challenge to his sentence under the changes to section 1170 because those changes were effective at his sentencing hearing. Thus, defendant could have, but did not, object that an upper term sentence did not comport with amended section 1170's new sentencing requirements. (*People v. Trujillo* (2015) 60 Cal.4th 850, 856 ["a defendant generally must preserve claims of trial error by contemporaneous objection as a prerequisite to raising them on appeal"].)

The record also shows the trial court, and the parties, were aware of the new sentencing requirement because the probation report's reference to the requirement defendant's criminal record be based on a certified record of conviction. This was not a requirement prior to Senate Bill 567. (See former § 1170, subd. (b).) And, even assuming the trial court did violate the modified provisions, defendant's sentence was not unauthorized because trial courts may still impose the upper term under section 1170. Defendant's challenge is to the procedural and factual basis of the sentencing decision, and such challenges are waivable. (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [" 'Claims of error relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court' "], italics omitted.) Thus, defendant's failure to object based on Senate Bill 567's changes forfeits his appellate challenge here.

Attempting to avoid forfeiture, defendant argues his counsel was ineffective for failing to object. The burden is on defendant to establish ineffective assistance of counsel

4

by a preponderance of the evidence.  (*People v. Ledesma* (1987) 43 Cal.3d 171, 218.)  To do so, a defendant "must show both that trial counsel failed to act in a manner to be expected of reasonably competent attorneys acting as diligent advocates, and that it is reasonably probable a more favorable determination would have resulted in the absence of counsel's failings."  (*People v. Cudjo* (1993) 6 Cal.4th 585, 623.)

On direct appeal, as here, this burden is stringent.  When the record on appeal " ' "sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.'  [Citations.]  A claim of ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding."  (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267; see *People v. Jones* (2003) 29 Cal.4th 1229, 1254 [ineffective assistance claims properly resolved on direct appeal only where record affirmatively discloses no rational tactical purpose for counsel's actions].)  Thus, we will reverse only if there is affirmative evidence that counsel had no rational tactical purpose for an act or omission.  (*People v. Mickel* (2016) 2 Cal.5th 181, 198.)

The record here is silent as to counsel's reasons, if any, for failing to object to the upper term sentence under the modified section 1170.  Defendant claims there was no reasonable tactical basis for trial counsel's failure to insist on a proper recitation of legally sufficient aggravating factors.  We are not persuaded.

A reasonable explanation is trial counsel believed the aggravating factors could be established by section 1170's evidentiary requirements.  Three of the four factors were based on defendant's criminal history.  The probation report, though not a certified record itself, explained in detail the information's sources to, in effect, provide the court with a "certified record of conviction for use at sentencing."  Defense counsel could have reasonably believed obtaining a certified record of conviction would not have changed defendant's criminal history, and therefore would not change the court finding

5

defendant's criminal history was increasing in seriousness, he served a prior prison term, and his performance on probation was unsuccessful.

As for the first aggravating factor, the trial court found the crime involved threatening great bodily harm because defendant threatened to kill the victim. This came from a witness's statement in the probation report, which defendant agreed established the factual basis for the plea. This is not the same as stipulating to the fact, but it does provide context for defense counsel's silence. Defendant's counsel could have believed, after independent research, what was contained in the probation report did in fact happen. This is bolstered by the statements defendant made to police admitting to hitting the victim because he believed it was legal to do so.

After verifying the accuracy of the information included in the probation report, either by confirming the information with defendant or by checking court records, trial counsel could have concluded objecting under Senate Bill 567 would accomplish nothing more than requiring the prosecution to introduce certified records or hold a trial to match what defendant had already acknowledged and the probation report already detailed. In other words, defense counsel reasonably could have determined raising a Senate Bill 567 objection would merely prolong the sentencing proceeding but would not change the ultimate outcome. (*People v. Price* (1991) 1 Cal.4th 324, 387 [defense counsel does not render ineffective assistance of counsel by declining to make objections that counsel reasonably determines would be futile].)

Because a reasonable tactical basis for the absence of an objection cannot be excluded, defendant has failed to carry his heavy burden on direct appeal to show his counsel provided ineffective assistance. (*Burt v. Titlow* (2013) 571 U.S. 12, 22-23 ["counsel should be 'strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment' "].)

6

DISPOSITION

The judgment is affirmed.

                                            _____

                                            HULL, Acting P. J.

We concur:

_____

EARL, J.

_____

BOULWARE EURIE, J.

7